# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SIKIA SMITH,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent*.

3:11-cv-00420-LRH-RAM

ORDER

    This *pro se* prisoner matter comes before the Court for initial review. Petitioner has presented only a form motion for appointment of counsel and for an evidentiary hearing in a habeas case. He has not paid the filing fee or submitted an application to proceed *in forma pauperis*. He has not filed a habeas petition.

    Petitioner's papers are subject to multiple substantial defects.

    First, petitioner did not either pay the filing fee or submit an application to proceed in forma pauperis. Petitioner first must satisfy the filing fee requirement or obtain leave to proceed *in forma pauperis* in order to commence a habeas action in federal court.

    Second, petitioner did not file a habeas petition. Petitioner may not commence a habeas matter by simply filing a motion for appointment of counsel. The Court will not appoint counsel to prepare an original petition for petitioner, particularly based upon a form motion for appointment of counsel.

    Third, petitioner did not name his physical custodian as respondent. Under 28 U.S.C. § 2242 and Habeas Rule 2(a), the petition must name the officer who has custody of the petitioner as respondent. The Court does not have jurisdiction unless the physical custodian is named as respondent. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

Fourth, petitioner may not proceed against the sole respondent named, the State of Nevada. The state sovereign immunity recognized by the Eleventh Amendment prevents petitioner from proceeding directly against the State in federal court even in a habeas action, as state sovereign immunity applies regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). The Court does not have jurisdiction over a suit against the State.

Given the multiple defects presented, the action will be dismissed without prejudice. The Court notes that no claims are contained in the papers presented to which to relate back. Accordingly, the dismissal of this matter without prejudice will cause no additional prejudice to petitioner vis-à-vis the running of the federal limitation period, even in the event that any time is left in the limitation period. A one year federal limitation period applies to a federal habeas petition under 28 U.S.C. § 2244(d)(1). The Court expresses no opinion as to the application of the federal one-year time bar to any claims presented by petitioner in a later, properly-commenced action. The pendency of this action has not stopped the running of the federal limitation period. The present papers – which contain no claims – would not stop the running of the federal limitation period even if the Court were to hold this action open rather than dismiss without prejudice.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice to a properly commenced new action.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find a dismissal without prejudice of the defective papers presented to be debatable or wrong.

The Clerk shall send petitioner two copies each of a pauper application for a prisoner and a noncapital Section 2254 form along with one copy of the instructions for each form.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED this 20th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE